**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1386

LORRAINE LEWIS,

              Plaintiff - Appellant,

        v.

ARCHIE L. SMITH, III; KELLY S. KING; JEFF D. ROGERS; SMITH
DEBNAM NARRON DRAKE SAINTSING & MYERS; BRANCH BANKING &
TRUST COMPANY,

              Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:15-cv-00606-MOC-DSC)

Submitted:  October 25, 2016          Decided:  November 2, 2016

Before MOTZ and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lorraine Lewis, Appellant Pro Se.  Daniel Gerald Cahill,
Caroline P. Mackie, POYNER SPRUILL LLP, Raleigh, North Carolina;
Bettie Kelley Sousa, SMITH DEBNAM NARRON DRAKE SAINTSING &
MYERS, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorraine Blackwell Lewis appeals the district court's order adopting the recommendation of the magistrate judge, granting Defendants' Fed. R. Civ. P. 12(b)(6) motions, and dismissing her civil action. The district court determined that dismissal was warranted under the Rooker-Feldman[1] doctrine and because Lewis' action failed to state a claim against any Defendant on which relief could be granted. We have reviewed the record and find no reversible error in the district court's determination that Lewis failed to present any plausible claims for entitlement to relief against Defendants. See Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012) ("To survive a Rule 12(b)(6) motion, a complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." (internal quotation marks and alterations omitted)). We therefore affirm the district court's dismissal decision on this basis.[2] Lewis v. Smith, No. 3:15-cv-00606-MOC-DSC (W.D.N.C. Mar. 2, 2016).

---

[1] D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] After the district court issued its order and judgment, this court issued an opinion clarifying the scope of the Rooker-Feldman doctrine. Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314 (4th Cir. 2016). Because we affirm here on an alternate basis, we find it unnecessary to (Continued)

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

consider whether the district court's Rooker-Feldman analysis comports with Thana.